**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 17, 2019

**BY ECF AND CERTIFIED MAIL**

The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:   <u>United States v. Mohamed Sadeek Odeh</u>,
             98 Cr. 1023 (LAK)

Dear Judge Kaplan:

      The Government respectfully submits this letter in response to Mohamed Sadeek Odeh's (the "defendant") motion to terminate his liability to make restitution payments pursuant to Title 18, United States Code ("U.S.C."), § 3613(b). (*See* ECF No. 2115). For the following reasons, the Government respectfully submits that the Court should deny the defendant's motion.

## I.    Factual Background

      On May 29, 2001, following a jury trial, the defendant was convicted of charges relating to the August 1998 bombings of the United States Embassies in Nairobi, Kenya and Dar es Salaam, Tanzania (collectively, the "1998 Embassy Bombings"). (*See* ECF Nos. 641, 663 (together, the "Judgment")). Thereafter, on October 18, 2001, the defendant was sentenced principally to life imprisonment and 40 years of mandatory terms of imprisonment, to be served consecutively. In addition to his term of incarceration, the Honorable Leonard B. Sand, United States District Judge for the Southern District of New York, entered an Order of Restitution requiring that the defendant and certain of his co-defendants, jointly and severally, pay restitution, first to the respective members of the victims' estates, or family members, as set forth in the Schedule of Loss Income appended to the First Restitution Order, and then to the United States Government, in partial restitution for the destruction of the embassies, in the amount of $26,300,000. (*See* ECF No. 634, October 19, 2001 Order of Restitution ("First Order of Restitution")). Subsequently, on October 24, 2001, the Court entered judgment in the defendant's case, memorializing the sentence of life imprisonment to be followed by 40 years of mandatory terms of imprisonment and ordering that the defendant make restitution in the amount of $33,816,561.75—$7,516,561 to the respective members of the victims' estates or family members and $26,300,000 to the United States Government. (*See* Judgment; First Order of Restitution). On February 22, 2002, upon the Government's application, the Court entered a second order of restitution, amending the First Order of Restitution to reflect particular victims who survived the 1998 Embassy Bombings and updating to $29,905,526.49 the total amount of restitution to be paid to the United States

Government.  (*See* ECF No. 655, Feb. 22, 2002 Order of Restitution ("Second Order of Restitution")).

## II.    Statutory History

Prior to 1982, federal courts were not permitted to order restitution outside the probation context.  *See United States* v. *Maynard*, 743 F.3d 374, 377 (2d Cir. 2014) (citing *United States* v. *Amato*, 540 F.3d 153, 159 (2d Cir. 2008)).  The Victim and Witness Protection Act of 1982 ("VWPA"), Pub. L. 97-291, 96 Stat. 1248 (1982) (currently codified, as amended, principally at 18 U.S.C. § 3663), first authorized courts to impose restitution for specified types of harm.  The VWPA, as amended by the Sentencing Reform Act of 1984, provided, in relevant part, that a criminal defendant's liability to pay a fine expired either twenty years after the entry of the judgment or upon the death of the individual fined.  (18 U.S.C. § 3613(b) (amended 1984)).  In 1996, Congress passed the Mandatory Victims Restitution Act of 1996 (the "MVRA"), which amended § 3613(b) of the VWPA to provide, in relevant part, that "[t]he liability to pay a fine shall terminate the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person fined, or upon the death of the individual fined."  (18 U.S.C. § 3613(b) (enacted 1996)).  The MVRA also added § 3613(f), titled, "Applicability to Order of Restitution," which provides that "[i]n accordance with section 3664(m)(1)(A) of this title, all provisions of this section are available to the United States for the enforcement of an order of restitution."  (18 U.S.C. § 3613(f) (enacted 1996)).  Subsequently, in 2016, the MVRA was amended to add to § 3613(b) the following: "The liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person ordered to pay restitution.  In the event of the death of the person ordered to pay restitution, the individual's estate will be held responsible for any unpaid balance of the restitution amount, and the lien provided in subsection (c) of this section shall continue until the estate receives a written release of that liability."  (18 U.S.C. § 3613(b) (enacted 2016)).

## III.    The Defendant's Liability to Pay Restitution Should Not Be Terminated

### A.    The 2016 Amendment to § 3613 of the MVRA Applies

The restitution orders in this case were entered after the passage of the MVRA.  The MVRA applies "to the extent constitutionally permissible," to "sentencing proceedings in cases in which the defendant is convicted on or after" April 24, 1996.  (MVRA, Pub. L. No. 104-132, § 211, 110 Stat. 1214, 1241 (1996); *see also United States* v. *Fiore*, 381 F.3d 89, 98 n.8 (2d Cir. 2004); *United States* v. *Kinlock*, 174 F.3d 297, 299 n.2 (2d Cir. 1999)).  The defendant was convicted on May 29, 2001, well after the MVRA was enacted, and that statute clearly applies to the defendant's motion.  Based on the plain language of the current version of the statute, the defendant's liability to pay restitution terminates the later of 20 years from October 24, 2001—the date judgment was entered—or 20 years after his release from prison, or upon the defendant's death.  The defendant is sentenced to life imprisonment plus 40 years of consecutive terms of imprisonment, meaning that, barring unforeseen circumstances, the defendant's liability to pay restitution will terminate upon his death, whereupon his estate will be held responsible for any unpaid balance.  The statutory text of the MVRA also renders irrelevant defendant's arguments regarding credit for time spent in custody.

Application of the current codification of § 3613(b), *i.e.*, including the 2016 Amendment, does not violate the *Ex Post Facto* Clause, to the extent the defendant raises that argument.  Section 3613(b) does not substantively alter the defendant's criminal punishment; rather, it effectively prolongs the period to collect restitution.  *See United States* v. *Rosello*, 737 F.App'x 907, 909 (11th Cir. 2018) (likening "the prolongation of the period to collect restitution"  to "the extension of the statute of limitation to prosecute a criminal charge" it "merely extends the span of time in which [the defendant's] victims can collect restitution"); *see also United States* v. *Blackwell*, 852 F.3d 1165, 1166 (9th Cir. 2017) ("Procedural changes … which do not alter the definition of criminal conduct or increase the penalty by which a crime is punishable, do not violate the Ex Post Facto Clause." (internal alterations, quotations and citation omitted)); *but see United States* v. *Thompson*, 113 F.3d 13, 15 n.1 (2d Cir. 1997) (stating, in dictum, that application of  the MVRA would be barred by the *Ex Post Facto* Clause, in a case in which all the criminal conduct preceded passage of the MVRA and which implicated the substantive issue of whether the district court considered certain mandatory factors when deciding whether to order restitution, rather than, as here, the time period for which  the properly imposed restitution order applies); *United States* v. *Harris*, 60 F.Supp. 2d 169, 176-77 (S.D.N.Y. 1999) (in a case in which all the criminal conduct preceded passage of the MVRA, court stated that the *Ex Post Facto* Clause operated to preclude application of the MVRA provision eliminating prior time limitation within which restitution installments could be paid because it is "more onerous to a defendant").[1]

Accordingly, the current codification of § 3613(b) should apply to the defendant's motion.

## B.  The Defendant's Liability to Pay Restitution Should Not Be Terminated Even if the 1996 Version of the MVRA Applies

If the Court were to find that the current codification of  § 3613(b) is not applicable, the 1996 version of that provision would apply, as the defendant's October 18, 2001 sentencing date was well after the MVRA became effective.  Additionally, and relevant here, the Second Circuit has explicitly held that "a sentencing court may constitutionally apply the MVRA to orders of restitution for defendants for conspiracies began before, but ended after, the MVRA's effective date."  *See United States* v. *Boyd*, 239 F.3d 471, 471 (2d Cir. 2001).  As set forth above, the originally enacted § 3613(b) provided that "[t]he liability to pay a fine shall terminate the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person fined, or upon the death of the individual fined."  (18 U.S.C. § 3613(b) (enacted 1996)).  Reading that provision together with § 3613(f), which provides, in relevant part, that "all provisions of this section are available to the United States for the enforcement of an order of restitution," the 1996 codification of § 3613 is best understood as applying the temporal requirements regarding liability

---

[1] The relevant *ex post facto* test is not whether a provision is simply "more onerous" to a defendant, but whether it "disadvantage[s] the offender affected by it by altering the definition of criminal conduct or increasing the punishment for the crime."  *Lynce* v. *Mathis*, 519 U.S. 433, 441 (1997) (quotations marks and citations omitted).  Increasing the time within which a restitution award may be collected does not "alter[] the definition of criminal conduct or increas[e] the punishment for the crime."  *See United States* v. *Rosello*, 737 F.App'x 907 (11th Cir. 2018).

Hon. Lewis A. Kaplan                                                                                      Page 4
June 17, 2019

to both fines and restitution.[2]  Indeed, courts have interpreted § 3613(b) to apply to restitution as
well as fines.  *See*, *e.g.*, *Blackwell*, 852 F.3d at 1166 ("In relevant part, the MVRA amended the
VWPA to provide that the liability to pay a fine or restitution shall terminate 'the later of 20 years
from the entry of judgment or 20 years after the release from imprisonment of the [defendant]'."
(internal citation omitted)).

        Here, there is no doubt that the MVRA would have applied at the time of sentencing.  All
the conduct underlying the charges of conviction either occurred entirely after the MVRA's
effective date,[3] or began before and ended after;[4] for the latter category, *Boyd* is squarely on point.
Applying the 1996 version of § 3613(b), the defendant's liability to pay restitution would terminate
the later of 20 years from October 24, 2001 or upon the defendant's release from imprisonment.
Given the defendant's sentence of life imprisonment plus 40 years, effectively, the only difference
in application between the 1996 codification and the 2016 Amendment would be that, under the
1996 version, the defendant's estate would not be liable for continuing to pay restitution after his
death.[5]

---

[2] The 2016 Amendment, the principal effect of which was to transfer a defendant's restitution
liability to his estate upon his death rather than terminate it, does not, the Government submits,
suggest that Section 3613(b) did not, prior to 2016, apply to restitution orders.

[3] The defendant was convicted of, among other crimes, Counts 7, 9, 11 through 223, 235 through
275, 276, 280, 281, 282, and 285 of the Superseding Indictment.  (*See* ECF No. 550, S10
Superseding Indictment ("Superseding Indictment")).  The offense conduct underlying each of
those counts occurred on August 7, 1998, with the exception of Count 285, for which the conduct
occurred between in or about July 1998 and on or about August 7, 1998.  (*See* Judgment;
Superseding Indictment).

[4] In addition to the crimes listed in n.3, *supra*, the defendant also was convicted of Counts One,
Three, Four, Five, and 284 of the Superseding Indictment, each of which was based on conduct
began in at least 1991.  Count One charged the defendant with conspiracy to murder nationals of
the United States, in violation of Title 18, U.S.C., § 2332(b); Count Three charged the defendant
with conspiracy to murder officers or employees of the United States, in violation of Title 18,
U.S.C., §§ 1114, 1116, and 1117; Count Four charged the defendant with conspiracy to use
weapons of mass destruction against nationals of the United States, in violation of Title 18, U.S.C.,
§§ 2332a(a)(1) and a(3); Count Five charged the defendant with conspiracy to damage or destroy
United States property, in violation of Title 18, U.S.C., § 844(n); and Count 284 charged the
defendant with using and carrying an explosive during the commission of a felony, in violation of
Title 18, U.S.C., §§ 844(h)(1), 844(h)(2) and 2.  (*See* Judgment; Superseding Indictment).

[5] Whether application of the defendant's restitution liability to his estate would violate the *Ex Post
Facto* Clause is an issue not now before the Court.

Hon. Lewis A. Kaplan                                                                                      Page 5
June 17, 2019

**IV.     Conclusion**

        For the foregoing reasons, the Government respectfully submits that the Court should deny
the defendant's motion.  Whether the current codification of § 3613(b) or the 1996 codification of
§ 3613(b) applies, there is no basis to terminate the defendant's restitution obligation.

                                        Respectfully submitted,

                                        GEOFFREY S. BERMAN
                                        United States Attorney for the
                                        Southern District of New York


                                By:  _____
                                        Jacob H. Gutwillig
                                        Assistant United States Attorney
                                        (212) 637-2215


cc:     Mohamed Sadeek Odeh (by certified mail)